Damien Marshjon McDougland / AW7937
Name and Prisoner/Booking Number

Corcoran State Prison
Place of Confinement

Ctc-D-17- PO Box 3456
Mailing Address

Corcoran, CA. 93212
City, State, Zip Code

**FILED**

**Dec 14, 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Damien Marshjon McDougland
(Full Name of Plaintiff)          Plaintiff,

v.

(1) J. Belluomini
(Full Name of Defendant)

(2) and others

(3)

(4)
                    Defendant(s).
☑ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)  CASE NO. ___1:22-cv-1603-BAM (PC)___
)           (To be supplied by the Clerk)
)
)
)
)
)           **CIVIL RIGHTS COMPLAINT**
)              **BY A PRISONER**
)
)  ☒ Original Complaint
)  ☐ First Amended Complaint
)  ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: California Health Care Facility, Stockton _____.

Revised 3/15/2016                         1

1  (3) J. Bargstadt
2  (4) K. Brunion
3  (5) A. Bunch
4  (6) D. Castille
5  (7) C. Dennis
6  (8) C. McElroy
7  (9) J. Priest
8  (10) J. Purtle
9  (11) J. Strope
10  (12) A. Sarai
11  (13) G. Williams
12  (14) S. Arciga
13  (15) S. Abraham
14  (16) V. McBride
15  (17) A. Reyes
16  (18) R. Thomas
17  (19) Farhat
18
19
20
21
22
23
24
25
26
27
28

1-A

## B. DEFENDANTS

1. Name of first Defendant: J. Belluomini . The first Defendant is employed as:
   Correctional officer /Search and Escort at California Health Care Facility .
   <center>(Position and Title)</center> <center>(Institution)</center>

2. Name of second Defendant: J. Bargstadt . The second Defendant is employed as:
   Correctional officer /Sergeant at California Health Care Facility .
   <center>(Position and Title)</center> <center>(Institution)</center>

3. Name of third Defendant: K. Branion . The third Defendant is employed as:
   Correctional officer / N/A at California Health Care facility .
   <center>(Position and Title)</center> <center>(Institution)</center>

4. Name of fourth Defendant: A. Bunch . The fourth Defendant is employed as:
   Correctional officer /Sergeant at California Health Care facility .
   <center>(Position and Title)</center> <center>(Institution)</center>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☒ Yes     ☐ No

2. If yes, how many lawsuits have you filed? 1 . Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: Damien Marshyon McDougland v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Plaintiff civil suit was dismissed, due to "failure to prosecute" in the Eastern District of California, Sacramento Division.

   b. Second prior lawsuit:
      1. Parties: N/A v. N/A
      2. Court and case number: N/A
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

   c. Third prior lawsuit:
      1. Parties: N/A v. N/A
      2. Court and case number: N/A
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         N/A

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

<center>2</center>

1  5. Name of fifth Defendant: D. Castille. The fifth Defendant is employed as: Correctional

2  officer/Lieutenant at California Health Care Facility.

3  6. Name of sixth Defendant: C. Dennis. The sixth Defendant is employed as: correctional

4  officer/N/A at California Health Care Facility.

5  7. Name of Seventh Defendant: C. McElroy. The Seventh Defendant is employed as:

6  Correctional officer/Sergeant at California Health Care Facility.

7  8. Name of eighth Defendant: J. Priest. The eighth Defendant is employed as:

8  Correctional officer/N/A at California Health Care Facility.

9  9. Name of ninth Defendant: J. Purtle. The ninth Defendant is employed as:

10  Correctional officer/Sergeant at California Health Care Facility.

11  10. Name of tenth    Defendant: J. Strope. The tenth Defendant is employed

12  as correctional officer/N/A at California Health Care Facility.

13  11. Name of eleventh Defendant: A. Sarai. The eleventh Defendant is employed as

14  correctional officer/N/A at California Health Care Facility.

15  12. Name of twelfth Defendant: G. Williams. The twelfth Defendant is employed

16  as correctional officer/N/A at California Health Care Facility.

17  13. Name of thirteenth Defendant: S. Areiga. The thirteenth Defendant is

18  employed as Registered Nurse/N/A at California Health Care Facility.

19  14. Name of fourteenth Defendant: S. Abraham. The fourteenth Defendant

20  is employed as supervisor registered nurse II/N/A at California Health Care Facility.

21  15. Name of fifteenth Defendant: V. McBride. The fifteenth Defendant is employed

22  as Certified nurse assistant/N/A at California Health Care Facility.

23  16. Name of sixteenth Defendant: A. Reyes. The sixteenth Defendant is employed as

24  Registered Nurse/N/A at California Health Care Facility.

25  17. Name of Seventeenth Defendant: R. Thomas. The Seventeenth Defendant is

26  employed as Registered Nurse/N/A at California Health Care Facility.

27  18. Name of eighteenth Defendant: Farhat   . The eighteenth Defendant is

28  employed as Doctor/N/A at California Health Care Facility.

2-A

## D.  CAUSE OF ACTION

### CLAIM I

1.  State the constitutional or other federal civil right that was violated: _____
_8th Amendment to the U.S. Constitution_

2.  **Claim I.**  Identify the issue involved.  Check **only one.**  State additional issues in separate claims.

- [ ] Basic necessities
- [ ] Disciplinary proceedings
- [ ] Excessive force by an officer
- [ ] Mail
- [ ] Property
- [ ] Threat to safety
- [ ] Access to the court
- [ ] Exercise of religion
- [x] Other: _Assault and Battery (State Tort)_
- [ ] Medical care
- [ ] Retaliation

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Claim I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_On 9/14/2020 after a seperate incident where a nurse was hurt, plaintiff was laying prone on his bed and was securely restrained and absolutely no threat to anyone as officer Merrifield had previously applied restraints and plaintiff, as stated was completely prone. Plaintiff knew officers were preparing to assault plaintiff due to this and officer Merrifield repeatedly informing all responding officers that it was plaintiff who caused the injury to the nurse. Plaintiff stated this is untrue but officer B.Williams began to twist and bend both plaintiffs wrist and fingers. Plaintiff was able to straighten his wrist and was able to ball his fingers into a close fist, however officer Williams was strong enough to pry plaintiffs right index finger and middle finger out of the clenched fist, while williams intentionally began bending plaintiffs fingers backwards attempting to break or damage them. Plaintiff tried to bury his face in the bed but unnamed officers were able to sit him up right, so his head and torso was exposed. Officer J.Belluomini, J.Bargstadt, K.Branion, A.Bunch, D.Castille, C.Dennis, C.McElroy, J.Priest, J.Purtle, J.Strope and B.Williams all began to punch plaintiff in the head, face, ear and torso._

_Plaintiff yelled for V.McBride (who was attending the injured nurse on the floor of the cell)._

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_due to the inactions of the defendants failure to protect and speak out to said assault and battery by defendants, I sustained injuries such as swelling to ones head, black track marks to wrist, swelling to torso, black eye, bruised nose, sprained right index and middle finger and swollen ear which all injuries were very painful._

5.  **Administrative Remedies:**
   a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  [x] Yes  [ ] No
   b.  Did you submit a request for administrative relief on Claim I?  [x] Yes  [ ] No
   c.  Did you appeal your request for relief on Claim I to the highest level?  [x] Yes  [ ] No
   d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _N/A_

1  Plaintiff begged V. McBride to intervene and informed V. McBride what the officers are saying about how the

2  nurse was assaulted isn't true and informed V. McBride it is unlawful to refuse to intervene in a retaliatory

3  and unjustified beating of an inmate. Plaintiff lost track of V. McBride while he was being assaulted but at

4  no time did V. McBride attempt to stop officers from unlawfully beating plaintiff while he was in restraints.

5      There was numerous staff outside of plaintiff's cell who did not participate in this assault but who

6  did absolutely nothing to stop it even though plaintiff was no threat to any one. These medical officials (S. Arciga,

7  S. Abraham, V. McBride, A. Reyes, R. Thomas and Farhat), simply stood at the entrance of the cell and milled around while

8  plaintiff was being assaulted. Plaintiff called each of these staff by name in hopes they would feel sorry for him

9  and tell the assaulting officers "thats enough" but no one did any thing but watch plaintiff being assaulted.

10     These medical officials (S. Arciga, S. Abraham, V. McBride, A. Reyes, R. Thomas, and Farhat), plaintiff called

11 each one   by name and told them no matter what they think about the nurse being hurt (as defendant C.

12 Williams informed them plaintiff was responsible for the nurses injury), plaintiff did not deserve being beaten simply

13 so officers can feel he was adequately punished. ————————

14     Due to the alarm being activated not only did officers respond but there was numerous medical personell who also arri-

15 ved to the scene and awaited instructions or an opportunity to perform their assigned medical duties.

16

17

18 An unidentified sergeant told the officers "there is nurses watching; lets   stop now" clearly insinuating the beat-

19 ing was fully condoned atleast by this superior officer.

20 During the duration of this assault plaintiff was on his bed. After defendants were instructed "lets stop now" some-

21 one said "put him on the ground". Defendant strope roughly pulled plaintiff forward and soon as he was

22 at the edge of the bunk, J. strope put his hands flat on plaintiff's back and with all his force simply pushed plaintiff

23 down on the floor. J. strope knew plaintiff's medical condition made walking impossible and knew simply tossing

24 him to the floor or (like pushing some one in a pool) would cause plaintiff unnecessary injury. Plaintiff

25 landed on the side of his face and chest. As soon as J. strope pushed plaintiff and let him fall he yelled, "stop

26 resisting".

27 Plaintiff was not properly evaluated nor treated for his obvious injuries and the nurse was instructed to conclude

28 her assessment of plaintiffs injuries, so he can be re-housed in another cell.

3·A

# CLAIM II

1.  State the constitutional or other federal civil right that was violated: _____
    _8th Amendment to the U.S. Constitution_ .

2.  **Claim II.** Identify the issue involved. **Check only one.** State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☒ Other: _Cruel and Unusual punishment_ .

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    1. According to the 8th Amendment of the U.S.C defendant J. Belluomini is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a Swollen head, black eye, bruised nose, and swollen right ear.

    2. According to the 8th Amendment of the U.S.C defendant J. Burgstadt is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a Swollen head, black eye, bruised nose and swollen right ear.

    3. According to the 8th Amendment of the U.S.C defendant K. Branion is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a swollen head, swollen right ear. and swollen right torso.

    4. According to the 8th Amendment of the U.S.C defendant A. Bunch is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a Swollen head, black eye, bruised nose and swollen right ear.

    5. According to the 8th amendment of the U.S. Constitution defendant D. castille is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a swollen head, black eye, bruised nose, and swollen right ear.

    6. According to the 8th Amendment of the U.S. constitution defendant C. Dennis is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a swollen head, black eye, bruised nose and swollen right ear.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    due to the inactions of the defendants failure to protect and speak out to said assault and battery by defendants, I sustained injuries such as swelling to ones head, black track marks to wrist's, swelling to torso, black eye, bruised nose, spranged right index and middle finger and swollen ear which all injuries were very painful.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☒ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Claim II?          ☒ Yes  ☐ No
    c.  Did you appeal your request for relief on Claim II to the highest level?          ☒ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____ N/A _____

4

7. According to the 8th Amendment of the U.S. Constitution defendant C. McElroy is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a swollen head, black eye, bruised nose, and swollen right ear.

8. According to the 8th Amendment of the U.S. Constitution defendant J. Priest is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a swollen head, black eye, bruised nose, and swollen right ear.

9. According to the 8th Amendment of the U.S. Constitution defendant J. Purtle is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a swollen head, black eye, bruised nose, and swollen right ear.

10. According to the 8th Amendment of the U.S. Constitution defendant J. Strope is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a swollen head, black eye, bruised nose, and swollen right ear.

11. According to the 8th Amendment of the U.S. Constitution defendant G. Williams is in violation, in which the defendant acted maliciously and sadisticly inflicted unjustifiable pain and injuries to the plaintiff, resulting in a swollen head, black eye, bruised nose, and swollen right ear and spranged right middle and index fingers.

## A. Deliberate Indifference.

1. Knowingly, the defendant J. Belluomini entered the plaintiff's cell (#114) and seeing plaintiff already hand cuffed, J. Belluomini knowingly possessing a sufficient culpable state of mind, started beating plaintiff while the other defendants (correctional officers) held plaintiff and attacked plaintiff while in a sitting position, while defendants screamed out "stop resisting".

2. Defendant J. Belluomini had no reason to impose a severe hardship on plaintiff for legitimate penological purposes, such as maintaining security and discipline, without being found deliberately indifferent, while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in place by correctional officers for the sole purpose of being assaulted.

3. Knowingly, the defendant J. Bargstadt entered the plaintiff cell (#114) and seeing plaintiff already hand cuffed, J. Bargstadt knowingly possessing a sufficient culpable state of mind, started beating plaintiff while the other defendants (correctional officers) held plaintiff and attacked plaintiff

4-A

1  while in a sitting position, while defendants screamed out "stop resisting".

2  4. Defendant J. Bargstadt had no reason to impose a severe hardship on plaintiff for legitimate pen-

3  elogical purposes, such as maintaining security and discipline, with out being found deliberately ind-

4  ifferent, while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in place

5  by correctional officers for the sole purpose of being assaulted.

6  5. Knowingly, the defendant K. Branion entered the plaintiff cell (#114) and seeing plaintiff already hand

7  cuffed, K. Branion knowingly possessing a sufficient culpable state of mind, started beating

8  plaintiff while the other defendants (correctional officers) held plaintiff and attacked plaintiff

9  while in a sitting position, while defendants screamed out "stop resisting".

10  6. Defendant K. Branion had no reason to impose a severe hardship on plaintiff for legitimate

11  penological purposes, such as maintaining security and discipline, with out being found deliberately indiffe-

12  rent, while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in place by corre-

13  ctional officers for the sole purpose of being assaulted.

14  7. Knowingly, the defendant A. Bunch entered the plaintiff cell (#114) and seeing plaintiff already hand cuffed,

15  A. Bunch knowingly possessing a sufficient culpable state of mind, started beating plaintiff while the other

16  deffendants (correctional officers) held plaintiff and attacked plaintiff while in a sitting position,

17  while defendants screamed out "stop resisting".

18  8. Defendant A. Bunch had no reason to impose a severe hardship on plaintiff for legitimate penologi-

19  cal purposes, such as maintaing security and discipline, with out being found deliberately indifferent,

20  while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in place by

21  correctional officers for the sole purpose of being assaulted.

22  9. Knowingly, the defendant D. Castille entered the plaintiff cell (#114) and seeing plaintiff already hand

23  cuffed, D. Castille knowingly possessing a sufficient culpable state of mind, started beating pla-

24  intiff while the other defendants (correctional officers), held plaintiff and attacked plaintiff while

25  in a sitting position, while defendants screamed out "stop resisting".

26  10. Defendant D. Castille had no reason to impose a severe hardship on plaintiff for legitimate penologi-

27  cal purposes, such as maintaining security and discipline, with out being found deliberately indiffe-

28  rent, while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in place by

1  correctional officers for the sole purpose of being assaulted.

2  11. knowingly, the defendant C. Dennis entered the plaintiffs cell (#114) and seeing plaintiff already hand

3  cuffed, C. Dennis knowingly possessing a sufficient culpable state of mind, started beating plaintiff

4  while the other defendants (correctional officers), _____ held plaintiff, and attacked plaintiff

5  while in a sitting position, while defendants screamed out "stop resisting".

6  12. Defendant C. Dennis had no reason to impose a severe hardship on plaintiff for legitimate penological

7  purposes, such as maintaining security and discipline, without being found deliberately indifferent, while

8  he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in place by correctional

9  officers for the sole purpose of being assaulted.

10  13. Knowingly, the defendant C. McElroy entered the plaintiff cell (#114) and seeing plaintiff already hand

11  cuffed, C. McElroy knowingly possessing a sufficient culpable state of mind, started beating plaintiff

12  while the other defendants (correctional officers), held plaintiff and attacked plaintiff while in

13  a sitting position, while defendants screamed out "step resisting".

14  14. Defendant C. McElroy had no reason to impose a severe hardship on plaintiff for legitim-

15  ate penological purposes, such as maintaining security and discipline, without being found deliberately

16  indifferent, while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held

17  in place by correctional officers for the sole purpose of being assaulted.

18  15. Knowingly, the defendant J. Priest entered the plaintiff cell (#114) and seeing plaintiff already hand

19  cuffed, J. Priest knowingly possessing a sufficient culpable state of mind, started beating plaintiff

20  while the other defendants (correctional officers), held plaintiff and attacked plaintiff while in a

21  sitting position, while defendants screamed out "step resisting".

22  16. Defendant J. Priest had no reason to impose a severe hardship on plaintiff for legitimate peno-

23  logical purposes, such as maintaining security and discipline, without being found deliberately indifferent,

24  while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in place by

25  correctional officers for the sole purpose of being assaulted.

26  17. Knowingly, the defendant J. Purtle entered the plaintiff cell (#114) and seeing plaintiff already

27  hand cuffed, J. Purtle knowingly possessing a sufficient culpable state of mind, started beating pl-

28  aintiff while the other defendants (correctional officers), held plaintiff and attacked plaintiff

1   while in a sitting position while defendants screamed out "stop resisting".

2   18. Defendant J. Purtle had no reason to impose a severe hardship on plaintiff for legitimate penological-

3   al purposes, such as maintaining security and discipline without being found deliberately indifferent,

4   while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in place by correctional

5   officers for the sole purpose of being assaulted.

6   19. Knowingly, the defendant J. Strope entered the plaintiff cell (#114) and seeing plaintiff already hand

7   cuffed, J. Strope knowing possessing a sufficient culpable state of mind, started beating plaintiff while the

8   other defendants (correctional officers), held plaintiff and attacked plaintiff while in a sitting position, while

9   defendants screamed out "stop resisting".

10  20. Defendant J. Strope had no reason to impose a severe hardship on plaintiff for legitimate penological

11  purposes, such as maintaining security and discipline, without being found deliberately indifferent,

12  while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in place by cor-

13  rectional officers for the sole purpose of being assaulted.

14  21. Knowingly, the defendant G. Williams entered the plaintiff cell (#114) and seeing plaintiff already

15  hand cuffed, G. Williams knowingly possessing a sufficient culpable state of mind, started beating plaintiff

16  while the other defendants (correctional officers) held plaintiff and attacked plaintiff while in a

17  sitting position, while defendants screamed out "stop resisting".

18  22. Defendant G. Williams had no reason to impose a severe hardship on plaintiff for legitimate penolo-

19  gical purposes, such as maintaining security and discipline, without being found deliberately ind-

20  ifferent, while he knowingly attacked plaintiff while plaintiff was hand cuffed and being held in

21  place by correctional officers for the sole purpose of being assaulted.

22  23. Defendant J. Belluomini, is deliberate indifferent to the plaintiff's need for one's safety, beca-

23  use he had knowledge of a serious risk or a cruel condition; yet he failed to take reasonable

24  measures to abate the attack and situation, by intervening, pressing his alarm and notifying his

25  program supervisor on duty.

26  24. Defendant J. Bargstadt, is deliberate indifferent to the plaintiff need for ones safety, because he

27  had knowledge of a serious risk or a cruel condition, yet he failed to take reasonable measures

28  to abate the attack and situation, by intervening, pressing his alarm and notifying his

4-D

1  program supervisor on duty.

2  25. Defendant K. Branion, is deliberate indifferent to the plaintiff's need for one's safety,

3  because he had knowledge of a serious risk or a cruel condition, yet he failed to take reasona-

4  ble measures to abate the attack and situation, by intervening, pressing his alarm and notifying

5  his program supervisor on duty.

6  26. Defendant A. Bunch, is deliberate indifferent to the plaintiff's need for one's safety, because

7  he had knowledge of a serious risk or a cruel condition, yet he failed to take reasonable

8  measures to abate the attack and situation, by intervening, pressing his alarm and notifying

9  his program supervisor on duty.

10  27. Defendant D. Castille, is deliberate indifferent to the plaintiff's need for one's safety, because he had know-

11  ledge of a serious risk or cruel condition, yet he failed to take reasonable measures to abate the

12  attack and situation, by intervening, pressing his alarm and notifying his program supervisor on

13  duty.

14  28. Defendant, C. Dennis, is deliberate indifferent to the plaintiff's need for one's safety, because he had

15  knowledge of a serious risk or a cruel condition, yet he failed to take reasonable measures to abate the

16  attack and situation, by intervening, pressing his alarm and notifying his program supervisor on duty.

17  29. Defendant C. McElroy, is deliberate indifferent to the plaintiff's need for one's safety, because he had

18  knowledge of a serious risk or a cruel condition, yet he failed to take reasonable measures to abate

19  the attack and situation, by intervening, pressing his alarm and notifying his program supervisor on duty.

20  30. Defendant J. Priest, is deliberate indifferent to the plaintiff's need for one's safety, because he had

21  knowledge of a serious risk or a cruel condition, yet he failed to take reasonable measures to abate

22  the attack and situation, by intervening, pressing his alarm and notifying his program supervisor on duty.

23  31. Defendant J. Burke, is deliberate indifferent to the plaintiff's need for one's safety, because he had kno-

24  wledge of a serious risk or a cruel condition, yet he failed to take reasonable measures to abate the

25  attack and situation, by intervening, pressing his alarm and notifying his program supervisor on duty.

26  32. Defendant J. Strope, is deliberate indifferent to the plaintiff's need for one's safety, because he had

27  knowledge of a serious risk or a cruel condition, yet he failed to take reasonable measures to abate the attack and

28  situation, by intervening, pressing his alarm and notifying his program supervisor on duty.

4-E

33. Defendant G. Williams, is deliberate indifferent to the plaintiff's need for one's safety, because he had knowledge of a serious risk or a cruel condition, yet he failed to take reasonable measures to abate the attack and situation, by intervening, pressing his alarm and notifying his program supervisor on duty.

34. Defendant A. Sarai, is deliberate indifferent to the plaintiff's need for one's safety, because he had knowledge of a serious risk or a cruel condition, yet he failed to take reasonable measures to abate the attack and situation, by intervening, pressing his alarm and notifying his program supervisor on duty; yet he stated "he really wanted to assault me", after I thanked him for not assaulting me.

35. Defendant S. Areuga, is deliberate in different to the plaintiff's need for one's safety, because the defendant had knowledge of a serious risk or a cruel condition, yet failed to take reasonable measures to abate the attack and situation, by intervening, pressing one's alarm and notifying the program supervisor on duty.

36. Defendant S. Abraham, is deliberate indifferent to the plaintiff's need for one's safety, because the defendant had knowledge of a serious risk or a cruel condition, yet failed to take reasonable measures to abate the attack and situation, by intervening, pressing one's alarm and notifying the program supervisor on duty.

37. Defendant Farhatz, is deliberate indifferent to the plaintiff's need for one's safety, because the defendant had knowledge of a serious risk or a cruel condition, yet failed to take reasonable measures to abate the attack and situation, by intervening, pressing one's alarm and notifying the program supervisor on duty.

38. Defendant V. McBride, is deliberate indifferent to the plaintiff's need for one's safety, because the defendant had knowledge of a serious risk or a cruel condition, yet failed to take reasonable measures to abate the attack and situation, by intervening, pressing one's alarm and notifying the program supervisor on duty.

39. Defendant A. Reyes, is deliberate indifferent to the plaintiff's need for one's safety; because the defendant had knowledge of a serious risk or a cruel condition, yet failed to take reasonable measures to abate the attack and situation, by intervening, pressing one's alarm and notifying the program supervisor on duty.

40. Defendant R. Thomas, is deliberate indifferent to the plaintiff's need for one's safety, because the defendant had knowledge of a serious risk or a cruel condition, yet failed to take reasonable measures to abate the attack and situation, by intervening, pressing one's alarm and notifying the program supervisor on duty.

4-F

## CLAIM III

1.  State the constitutional or other federal civil right that was violated: _____
    _8th Amendment to the U.S. Constitution_

2.  **Claim III.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
    - ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☒ Medical care
    - ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    - ☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    1. Defendant S. Arciga, was deliberately indifferent to the plaintiff's need for reasonably adequate medical care, in which defendant consciously refused to document or treat plaintiff's injuries.
    2. Defendant Farhat, was deliberately indifferent to the plaintiff's need for reasonably adequate medical care, in which defendant refused to send plaintiff to an outside hospital for injuries that were emergewait. Refusing as plaintiff's primary doctor to conduct a medical exam of the plaintiff's injuries, knowing that defendant refusal to see plaintiff was a conscious decision made, in which constitutes the unnecassary and wanton infliction of pain.
    3. Defendant Farhat was deliberately indifferent to the standard to the plaintiff's need for reasonably adequate medical care, in which while outside plaintiff's cell door (#114), defendant could see defendants (correctional officers) commit assault and battery, thus requiring a referral from defendant to see a psychologist for plaintiff's mental and physical attack by correctional officers, thus requiring defendant Farhat medical assistance.
    4. Defendant Farhat, was deliberately indifferent to the standard, in which while suffering physical pain, psychological pain and mental distress from excessive force, plaintiff's serious medical need for a doctor was not responded reasonably to the risks, in which defendant Farhat failed to acknowledge the plaintiff's injuries from [7219] reported by defendant S. Arciga after assault and witnessing said assault while outside of plaintiff's cell door (#114).

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    due to the inactions of the defendants failure to protect and speak out to said assault and battery by defendants, I sustained injuries such as swelling to ones head, black track marks to wrists, swelling to torso, black eye, bruised nose, sprayed right index and middle finger and swollen ear which all injuries were very painfull

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Claim III?     ☒ Yes   ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level?     ☒ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _N/A_

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

## B. Medical Malpractice:

1. Defendant Farhat, as plaintiff's primary doctor failed to treat plaintiff immediately after the plaintiff was beaten by the correctional officers: defendants J. Bellunomini, J. Burgstadt, K. Branion, A. Bunch, D. castille, C. Dennis, C. McElroy, S. Priest, J. Purtle, T. Strope and C. williams, in which having knowledge and witnessing the assault, defendant Farhat did not exercise a professional judgment regarding plaintiff injuries and assault and thusly has committed an act of medical malpractice without even attempting to make a mistaken or incompetent judgment to diagnose plaintiff medical needs.

## C. Delay of access to treatment:

1. Defendant Farhat failure to respond promptly to plaintiffs symptoms and injuries is a finding of deliberate indifference.

## D. Medical Standard:

1. Defendant Farhat failure to follow professional standards, or even prison medical care protocols, supports a finding of deliberate indifference, because the standards or protocols is evidence of the practitioners knowledge of the risk posed by plaintiff particular symptoms or conditions.

## Claim IV:

1. State the constitutional or other federal civil right that was violated: 8th Amendment to the United States Constitution.

2. Claim IV. Identify the issue involved. Check only once. State additional issues in separate claims.

Other: Failure to protect.

3. Supporting facts. State as briefly as possible the facts supporting Claim IV. Describe exactly what each defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

## A. Failure to protect:

1. The failure of defendant J. Bellunomini who watched plaintiff being assaulted to act on his knowledge of a substantial risk of a serious harm to plaintiff violated his Eighth Amendment right of the United States Constitution to be free from deliberate indifference to his safety.

2. The failure of defendant J. Burgstadt who watched plaintiff being assaulted to act on his knowledge of a substantial risk of a serious harm to plaintiff violated his Eighth Amendment right of

5-A

1  the United States constitution to be free from deliberate indifference to his safety.

2  3. The failure of defendant K. Branion who watched plaintiff being assaulted to act on his knowledge

3  of a substantial risk of a serious harm to plaintiff violated his Eight Amendment right of the United States Co-

4  nstitution to be free from deliberate indifference to his safety.

5  4. The failure of defendant A. Busch who watched plaintiff being assaulted to act on his knowledge,

6  of a substantial risk of a serious harm to plaintiff violated his Eight Amendment right of the United States

7  constitution to be free from deliberate indifference to his safety.

8  5. The failure of defendant D. Castillo who watched plaintiff being assaulted to act on his kn-

9  owledge of a substantial risk of a serious harm to plaintiff violated his Eight Amendment right

10  of the United States Constitution to be free from deliberate indifference to his safety.

11  6. The failure of defendant C. Dennis who watched plaintiff being assaulted to act on his knowledge,

12  of a substantial risk of a serious harm to  plaintiff  violated his Eight Amendment right of the Un-

13  ited States constitution to be free from deliberate indifference to his safety.

14  7. The failure of defendant C. McElroy who watched plaintiff being assaulted to act on his knowl-

15  edge of a substantial risk of a serious harm to plaintiff violated his Eight Amendment right of the

16  United States Constitution to be free from deliberate indifference to his safety.

17  8. The failure of defendant J. Priest who watched plaintiff being assaulted to act on his kn-

18  owledge of a substantial risk of a serious harm to plaintiff violated his Eight Amendment

19  right of the United states constitution to be free from deliberate indifference to his safety.

20  9. The failure of defendant J. Purtle who watched plaintiff being assaulted to act on his knowl-

21  edge of a substantial risk of a serious harm to plaintiff violated his Eight Amendment right of

22  the United States constitution to be free from deliberate indifference to his safety.

23  10. The failure of defendant J. Strope who watched plaintiff being assaulted to act on his

24  knowledge of a substantial risk of a serious harm to plaintiff violated his Eight Amen-

25  dment right of the United States Constitution to be free from deliberate indifference to his safety.

26  11. The failure of defendant A. Sarai who watched plaintiff being assaulted to act on his kno-

27  wledge of a substantial risk of a serious harm to plaintiff violated his Eight Amendment right of the

28  United States constitution to be free from deliberate indifference to his safety.

12. The failure of defendant C. williams who watched plaintiff being assaulted to act on his knowledge of a substantial risk of a serious harm to plaintiff violated his Eight Amendment right of the United states constitution to be free from deliberate indifference to his safety.

13. The failure of defendant Farhat who watched plaintiff being assaulted to act on his knowledge of a substantial risk of serious harm to plaintiff violated his Eight Amendment right of the United states consistution to be free from deliberate indifference to his safety.

14. The failure of defendant V. McBride who watched plaintiff being assaulted to act on her knowledge of a substantial risk of serious harm to plaintiff violated his Eight Amendment right of the United states constitution to be free from deliberate indifference to his safety.

15. The failure of defendant S. Abraham who watched plaintiff being assaulted to act on ones knowledge of a substantial risk of serious harm to plaintiff violated his Eight Amendment right of the united States constitution to be free from deliberate indifference to his safety.

16. The failure of defendant A. Reyes who watched plaintiff being assaulted to act on ones knowledge of a substantial risk of serious harm to plaintiff violated his Eight Amendment right of the United states constitution to be free from deliberate indifference to his safety.

17. The failure of defendant R. Thomas who watched plaintiff being assaulted to act on ones knowledge of a substantial risk of serious harm to plaintiff violated his Eight Amendment right of the United states constitution to be free from deliberate indifference to his safety.

18. The defendant S. Arciga conducted the (7219) examination and failed to document all of plaintiff injuries. Defendant S. Arciga conscious decision to not medically document all of plaintiff injuries is a clear act of deliberate indifference in violation of the Eight Amendment of the United States constitution.

19.

**B. Deliberate Indifference to Medical needs:**

20. The refusal of defendant Farhat to authorize the plaintiff to be sent to an outside hospital after being assaulted by correctional officers; defendants J. Belluomini, J. Bargstadt, K. Branion, A. Bunch, D. Castille, C. Dennis, C. McElroy, J. Priest, J. Purtle, J. Stripe and C. williams on 9/14/2020, constitute deliberate indifference to plaintiff's serious medical needs in violation of the Eight Amendment of the United States constitution.

5-C

21. The failure of defendant Farhat to take steps to ensure that plaintiff received the needed medical treatment on 9/14/2020, despite his knowledge of plaintiff's serious medical needs constitute deliberate indifference to plaintiff's serious medical needs, in violation of the Eight Amendment of the United States Constitution.

22. The failure of defendants S. Arciga to take steps to ensure that plaintiff received the needed medical treatment, despite her knowledge of plaintiff's serious medical needs, constitute deliberate indifference to plaintiff's serious medical needs, in violation of the Eight Amendment of the United States Constitution.

23. As a result of defendant Farhat failure to provide needed medical treatment, plaintiff suffered further injury, physical and emotional pain, in violation of the Eight Amendment of the United States Constitution.

24. As a result of defendant S. Arciga failure to provide needed medical treatment, plaintiff suffered further injury, physical and emotional pain in violation of the Eight Amendment of the United States Constitution.

25. The refusal of defendant Farhat to send plaintiff to the local hospital for treatment of his injuries constitutes deliberate indifference to plaintiff's medical needs in violation of the Eight Amendment of the United States Constitution.

26. The    unprovoked beating of plaintiff by defendants J. strope, J. Bargstadt, J. friest, G. williams, J. Bellumini, K. Branum, A. Bunch, D. Castille, C. Dennis, C. McElroy and J. Partle on 9/14/2020, violated plaintiff rights and constituted cruel and unusual punishment under the Eight Amendment of the United States Constitution.

4. Injury. State how you were injured by the actions or inactions of the defendants(s). Due to the inactions of the defendants failure to protect and speak out to said assault and battery by defendants, I sustained injuries such as swelling to ones head, black track marks to wrists, swelling to torso, black eye, bruised nose, sprang ed right index and middle finger and swollen ear which all injuries were very painful.

5. Administrative Remedies.

   a. Are there any administrative remedies (grievance procedures or administrative

appeals) available at your institution? Yes.

b. Did you submit a request for administrative relief on claim III? Yes.

c. Did you appeal your request for relief on claim III to the highest level? Yes.

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not? N/A.

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

Prayer for relief:

I, "Wherefore, plaintiff prays for relief as follows"

A. Plaintiff is suing defendants J. Belluomini, J. Bargstadt, J. Strope, B. Williams, K. Branion, A. Bunch, D. Castille, C. Dennis, J. Priest, C. McElroy and J. Purtle in their individual capacity and plaintiff is seeking compensatory damages from each defendant for violating the Eight Amendment of the United States Constitution and punitive damages from each defendant, in which convicted prisoners are protected from misuse of force by the (cruel and unusual punishments clause) of the Eight Amendment of the United States Constitution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12  /  20  /  2022
_____
DATE

_____
SIGNATURE OF PLAINTIFF

N/A
_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

N/A
_____
(Signature of attorney, if any)  N/A

N/A
N/A
N/A
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

1  **B.** The excessive force used by defendants (J. Strope, J. Bargstadt, J. Priest, G. Williams, J. Belluomini, K. Branion, A.

2  Bunch, D. Castille, C. Dennis, C. McElroy and J. Purtle), was not applied in a good faith effort to maintain or restore di-

3  Scipline, in which according to officer A. Merrifield and his documented rules violation report he gave states,

4  "he placed the plaintiff in mechanical restraints and the plaintiff was not resisting", yet officers used excessive force

5  to maliciously and sadistically cause harm. Each defendant took turns beating the plaintiff and is deliberately indifferent,

6  because they stood by and did not intervene in an illegal beating.

7  **C.** Plaintiff is suing defendant A. Sarai in his individual capacity and plaintiff is seeking compensatory damages

8  and punitive damages for violating the Eight Amendment of the United States Constitution, in which convicted

9  prisoners are protected from misuse of force by the (cruel and unusual punishment clause) of the Eight Amendment.

10  Defendant A. Sarai is deliberate indifferent, because defendant A. Sarai stood by and watched as defendants

11  J. Strope, J. Bargstadt, J. Priest, G. Williams, J. Belluomini, K. Branion, A. Bunch, D. Castille, C. Dennis, C. McElroy

12  and J. Purtle used excessive force while plaintiff was (hand cuffed), in a defenseless position and by stating that "I

13  really wanted to and it's not over.... This is only the begining," after the plaintiff thanked A. Sarai for not assaulting plaintiff.

14  ## II. Liability for force: By standers, Supervisors and municipalities:

15  **D.** Plaintiff is suing defendants (S. Abraham, V. McBride, A. Reyes, R. Thomas, and Farhat in their individual capacity

16  for failing to intervene while defendants (J. Strope, J. Bargstadt, J. Priest, G. Williams, J. Belluomini, K. Branion, A. Bunch,

17  D. Castille, C. Dennis, C. McElroy and J. Purtle) were engaging in excessive force, in which plaintiff is seeking compensatory

18  damages and punitive damages from each defendant (S. Abraham, V. McBride, A. Reyes, R. Thomas and Farhat) for violating

19  the Eight Amendment of the United States Constitution and Government claim Act.

20  ## III. Retaliation:

21  **E.** Plaintiff is suing defendants (J. Strope, J. Bargstadt, J. Priest, G. Williams, J. Belluomini, K. Branion, A. Bunch,

22  D. Castille, C. Dennis, C. McElroy and J. Purtle), in their individual capacity and plaintiff is seeking compe-

23  nsatory and punitive damages from each defendant for violating the Eight Amendment of the United

24  States Constitution, in which convicted prisoners are protected from misuse of force by the (cruel and

25  unusual punishment clause) of the Eight Amendment of the United States constitution, in which defendants

26  assaulted plaintiff because of a prior event.

27  **F.** That the court enter judgment declaring the acts of defendants (J. Strope, J. Bargstadt, J. Priest, G.

28  Williams, J. Belluomini, K. Branion, A. Bunch, D. Castille, C. Dennis, C. McElroy, J. Purtle

1  and A. Sarai) to violate the rights of plaintiff under the Eight Amendment of the

2  United States            Constitution.

3  G. That the court enter judgment declaring the acts of defendants (S. Arciga, S. Abraham,

4  Farhat, V. McBride, A. Reyes, and R. Thomas) to violate the Eight Amendment of

5  the United States constitution.

6  H. That the court award general damages to plaintiff.

7  I. That the court award punitive damages to plaintiff.

8  J. That the court grant such other further relief to plaintiff as

9  it deems appropriate.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6-B



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

| | |
|---|---|
| **Offender Name:** MCDOUGLAND, DAMIEN MARSHJON | **Date:** 03/01/2021 |
| **CDC#:** AW7937 | |
| **Current Location:** COR-Central Service | **Current Area/Bed:** S INFD1 - 017001L |

**Log #:** 000000044784

**Claim #  001**

**Institution/Parole Region of Origin:** California Health Care Facility - Stockton    **Facility/Parole District of Origin:** CHCF-Facility C

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Safety and Security    **Sub-Category:** Use of Force

## I. ISSUE ON APPEAL

It is appellant's position that on September 14, 2020, Correctional Officer A. Merrifield and Registered Nurse T. Mageria were in appellant's Administrative Segregation room to address a wound on appellant. Appellant contends handcuffs were applied, then the two staff members began to argue and disrespect each other. Appellant asserts when Registered Nurse Mageria turned, Correctional Officer Merrifield lifted appellant's armrest out of appellant's wheelchair and assaulted the Registered Nurse. Appellant claims Correctional Officer Merrifield activated the alarm and asked appellant why did appellant assault the registered nurse. Appellant alleges other correctional officers responded and beat appellant while appellant was in handcuffs, which resulted in injuries to appellant's head, eye, ear and back. Appellant affirms a correctional sergeant cautioned the fellow "green wall" brothers that they were being watched by medical staff. Appellant contends the CDCR Form 7219 was altered, as appellant's injuries were not listed.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

Title 15, section 3000, 3001, 3004, 3268, 3270, 3380, 3391 and 3484; Department Operations Manual, section 54100.25.2

### B. DOCUMENTS CONSIDERED

CDCR Form 602, Log #44784; the Institutional Inquiry dated November 30, 2020; Incident Report Log #12282; the use of force documents (including the CDCR Form 3013-2 and the Institutional Executive Review Committee)

## III. REASONING AND DECISION

Appellant made numerous allegations within this CDCR Form 602 that were similar to the allegations made in the use of force allegation interview. In review of the Institutional Inquiry, the Office of Appeals was unable to find the allegations were addressed. Claim #1 is granted.

## IV. REMEDY

The institution shall open a new Offender Grievance Tracking log number to address all allegations made by appellant within CDCR Form 602, Log #44784.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

| | |
|---|---|
| **Offender Name:** MCDOUGLAND, DAMIEN MARSHJON | **Date:** 11/25/2020 |
| **CDC#:** AW7937 | |
| **Current Location:** COR-Central Service | **Current Area/Bed:** S INFD1 - 017001L |

**Log #:** 000000044784

**Claim #: 001**

**Institution/Parole Region of Origin:** California Health Care Facility - Stockton    **Facility/Parole District of Origin:** CHCF-Facility C

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Safety and Security              **Sub-Category:** Use of Force

### I. CLAIM

Allegation of excessive/unnecessary use of force.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15Department Operations Manual (DOM)

#### B. DOCUMENTS CONSIDERED

Incident Package #12282CDCR 7219'sCDCR 602CDCR 3013 &amp; CDCR 3014 for AUEF-20-09-0091

### III. REASONING AND DECISION

Staff did not violate CDCR policy with respect to the issues raised within the grievance.ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate grievance/appeals process. If you wish to grieve the decision, you must submit your staff complaint grievance to the Office of Appeals; your administrative remedies will be considered exhausted.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| E. Pedersen [PEER006] | CDW | 11/24/2020 |