UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN MARSHJON MCDOUGLAND,<br><br>Plaintiff,<br><br>v.<br><br>J. BELLUOMINI, et al.,<br><br>Defendants. | No.  2:22-cv-2242 SCR P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Before the court are defendants' motion to opt out of the court's early Alternative Dispute Resolution ("ADR") program and plaintiff's request for the appointment of counsel. For the reasons set forth below, this court will grant defendants' motion and deny plaintiff's motion. By separate order, this court will set a schedule for this case.

**MOTION TO OPT OUT**

In an order filed March 19, 2024, the court stayed this case and referred it to the early ADR program. (ECF No. 39.) The program was set up to provide the parties an opportunity to resolve cases more expeditiously and less expensively. The order provided that defendants could seek to opt out of the program by filing a motion to do so. Defendants have filed a motion to opt out. (ECF No. 40.) Defendants' counsel states that he conducted an investigation into plaintiff's claims, including reviewing prison records and interviewing witnesses. In addition, counsel conferred with plaintiff to discuss the potential for settlement. Counsel concluded that settlement

1

is not achievable at this time.  After discussing the case with his supervisor, the supervisor agreed. This court finds good cause for defendants' motion and will vacate the stay of these proceedings.

**MOTION FOR THE APPOINTMENT OF COUNSEL**

The court denied plaintiff's previous motions for appointment of counsel.  (ECF No. 38.) On May 29, 2024, plaintiff filed a notice, which in substance is a renewed motion for appointment of counsel and which the court construes as such.  (ECF No. 41.)  Appointment of counsel is not warranted on the current record.

The United States Supreme Court has ruled that district courts lack authority under the "in forma pauperis" statute, 28 U.S.C. § 1915, to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018). In the present case, plaintiff states that he requires counsel to "safeguard" his case.  Plaintiff fails to show the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that

1. Defendants' motion to opt out of the early ADR program (ECF No. 40) is granted;
2. The stay of this case is vacated; and

////

////

////

3. Plaintiff's motion for the appointment of counsel (ECF No. 41) is denied.

Dated: August 19, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE