UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN MARSHJON MCDOUGLAND,<br><br>Plaintiff,<br><br>v.<br><br>J. BELLUOMINI, et al.,<br><br>Defendants. | No. 2:22-cv-2242 SCR P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. The court denied plaintiff's previous motions for appointment of counsel. (ECF Nos. 38, 43.) On January 10, 2025, plaintiff filed a notice, which in substance is a renewed motion for appointment of counsel and which the court construes as such. (ECF No. 50.)

      District courts lack authority under 28 U.S.C. §1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)

1

(district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Plaintiff suggests that responding to defendants' requests for production of documents, interrogatories, and requests for admission, as well as sitting for his deposition scheduled for December 30, 2024,[1] may implicate his Fifth Amendment right against self-incrimination. Plaintiff states that he requires counsel because he does not "know how to conduct the [discovery] requests" by defendants' counsel.

Depending on the complexity of discovery at issue and its effect on plaintiff's ability to articulate his claims, exceptional circumstances that warrant the court seeking out counsel under § 1915(e)(1) may exist. Moreover, if there is a pending criminal case or investigation involving the same acts underlying plaintiff's § 1983 action, due process may require the appointment of counsel (or some other safeguard) to advise plaintiff on his Fifth Amendment privileges. However, plaintiff's motion is insufficient to evaluate these potential concerns. To better evaluate plaintiff's request for counsel, each side shall submit a short brief explaining (1) what steps they have taken during the discovery process thus far, (2) what discovery is left to be done,

---

[1] Plaintiff's motion is signed and dated December 24, 2024.

1  including whether plaintiff has already been deposed, (3) any challenges they are facing with
2  respect to the discovery process, and (4) information about any pending criminal case or
3  investigation involving the same incident as plaintiff's § 1983 action.
4      Accordingly, IT IS HEREBY ORDERED as follows:
5      Within **30 days,** the parties shall submit a further short brief of no more than five pages
6  explaining what steps they have taken during the discovery process thus far, what discovery is left
7  to be done, any challenges they are facing with respect to the discovery process, and information
8  about any pending criminal case or investigation involving the same acts as plaintiff's § 1983
9  action.  They parties may include supporting documents attached to the brief with any
10 information he believes is relevant to this issue.
11     After receiving this further information, the Court will either rule on plaintiff's motion for
12 the appointment of counsel or seek additional information.
13 DATED: January 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE