UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN MASHJON MCDOUGLAND, | No. 2:22-cv-02242 SCR P |
| Plaintiff, | |
| v. | ORDER |
| J. BELLUOMINI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis is this civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's motion to appoint counsel. (ECF No. 50.) For the reasons described below, plaintiff's motion is denied.

**BACKGROUND**

In his motion to appoint counsel dated January 10, 2025, plaintiff suggested that responding to defendants' discovery requests and sitting for his deposition may implicate his Fifth Amendment right against self-incrimination. (ECF No. 50.) The undersigned found plaintiff's motion insufficient to evaluate his Fifth Amendment concerns and on January 22, 2025, ordered the parties to submit a short brief within 30 days explaining what steps the parties have taken during the discovery process thus far, what discovery is left to be done, any challenges they are facing with respect to discovery, and information about any pending criminal case or investigation involving the same acts as plaintiff's § 1983 action. (ECF No. 51.)

In their response, defendants explain that plaintiff has been sentenced for the events underlying the § 1983 claim and docked credit by the prison after the related investigation. (ECF No. 52 at 2.) Defendants further explained that they already took plaintiff's deposition on December 30, 2024, and do not believe additional discovery is necessary. (Id.) They have enough information to file a dispositive motion despite the fact plaintiff has not responded to defendants' written requests for discovery other than pleading the Fifth Amendment. (Id. at 2-3)

Plaintiff responded on March 10, 2025, after the undersigned ordered him to show cause for failure to submit a timely response. (ECF No. 53.) Plaintiff states that he has "already explained that I do not know how to address or perform the discovery process or answer it because of [a] lack of a degree in civil law." (Id. at 1.) He adds that there is "not a current pending criminal case nor a current investigation regarding this matter." (Id.)

**LEGAL STANDARD**

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of

mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act).  Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

**DISCUSSION**

After reviewing the parties' submissions, the undersigned does not find any grounds to request the voluntary assistance of counsel for plaintiff.  The burden of demonstrating exceptional circumstances warranting the appointment of counsel is on the plaintiff.  Palmer, 560 F.3d at 970.  Plaintiff, however, cites only his lack of a legal education as a justification, which courts have consistently held does not constitute an exceptional circumstance.  See Wood, 900 F.2d at 1335-36 (denying appointment of counsel where plaintiff complained that he lacked a legal education); Dalke v. Clark, et al., No. 1:20-cv-0534 AWI SAB PC, 2021 WL 3783912, at *1 (E.D. Cal. Aug. 26, 2021) (collecting cases).  Nor does plaintiff identify any disability-related barriers to his "meaningful participat[ion]" in the prosecution of his case.  See Franco-Gonzalez, 2013 WL 3674492, at *4.

In the order requesting additional information from the parties, the undersigned also explained that "if there is a pending criminal case or investigation involving the same acts underlying plaintiff's § 1983 action, due process may require the appointment of counsel (or some other safeguard) to advise plaintiff on his Fifth Amendment privileges."  (ECF No. 51 at 2.)  Both parties, however, agree that there is no active criminal case or investigation into the same facts underlying the § 1983 claim, and plaintiff has not otherwise articulated the bases for the self-incrimination concerns he briefly raised in his motion.  In sum, the court finds no basis to order the appointment of counsel to plaintiff.

////
////
////
////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to appoint counsel (ECF No. 50) is denied.

DATED: March 17, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE